UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

YAYDEL NUNEZ,

    Plaintiff,

v.

EXECUTIVE PALACE HOTEL INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, YAYDEL NUNEZ (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, EXECUTIVE PALACE HOTEL INC (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964 to redress injuries resulting from Defendant's unlawful religion-based discriminatory treatment against Plaintiff.

### PARTIES

2. Plaintiff, YAYDEL NUNEZ, is an adult, male resident of Miami-Dade County, Florida.
3. Defendant, EXECUTIVE PALACE HOTEL INC. is a Florida corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964.

8. Plaintiff is a male former employee of the Defendant and is a member of a class of persons protected from discrimination in his employment.

## JURISDICTION AND VENUE

9. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§131, 1343, and 1367.

10. Venue is proper because the events/employment practices alleged in this Complaint to be unlawful were committed in Miami-Dade County, within jurisdiction of this Honorable Court.

11. Plaintiff filed a charge of discrimination against Defendant with the Equal Opportunity Commission (hereafter referred to as "EEOC") and the Florida Commission on Human Relations (hereafter referred to as "FCHR").

12. Plaintiff files this complaint within 90 days after receiving a Notice of Right to Sue from the EEOC.

13. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

14. Plaintiff is a gay, transexual individual of the Yoruba (Afro-Cuban Religion) faith and shares in common a faith/religion, culture, ancestry and other social and religious characteristics with other individuals of the Yoruba faith. Plaintiff is a member of a class of persons protected from discrimination in his employment under Title VII of the Civil Rights Act, as amended.

15. In the year of 2019, Plaintiff became employed by Defendant as a housekeeper.

16. Also working for Defendant was Daylin, Jorge, and Soraya, whom were Plaintiff's co-workers who also practiced the Yoruba faith.

17. Plaintiff would wear necklaces and bracelets that distinguish his religious beliefs of the Yoruba faith. Dulce Perez, Plaintiff's manager, noticed Plaintiff's necklaces and bracelets and came to the realization that Plaintiff practiced the Yoruba faith.

18. Dulce Perez, a Catholic, would visibly be uncomfortable around Plaintiff when working with him due to his beliefs of the Yoruba faith. Dulce Perez would also publicly profess her beliefs of the Catholic faith for all employees and bystanders to hear in common area such as the front desk and had Catholic statutes with lit candles and flowers in her office in display for everyone to see.

19. Everything was going fine until Dulce Perez began to accuse Plaintiff of practicing "witchcraft" and placing a "curse" on her because of his beliefs of the Yoruba faith.

20. After the baseless accusation of "witchcraft" and "curse" placement, Dulce Perez, also began to complain about feeling ill and having constant headaches as results of Plaintiff's nonexistent "witchcraft" that was allegedly done to her.

21. Plaintiff began to feel offended and disrespected as a result of Dulce Perez's comments and behaviors towards him due to him being a practitioner of the Yoruba faith. Such actions taken by Dulce Perez created a hostile workplace for Plaintiff.

22. The entire situation between Plaintiff and his manager led Dulce Perez to begin to create a pretextual plot against Plaintiff to get him fired from the Executive Palace Hotel, Inc.

23. Dulce Perez pretextual plot came to fruition when on February 4, 2021, Dulce Perez reported to the owners of the Executive Palace Hotel, Inc. that Plaintiff was selling drugs at the Hotel. Such accusation was meritless, completely fabricated, and without any basis. However, such false allegations caused Plaintiff to be wrongfully terminated as result of Dulce Perez's claims to the owners of the hotel.

24. Plaintiff requested that he wanted to talk to the owners so he can clear his reputation and false allegations, but Dulce Perez did not allow Plaintiff to speak with them, and was asked to leave the premise.

25. Plaintiff was wrongfully terminated on February 4, 2021. Plaintiff prior to being wrongfully terminated, has never received any oral or written warnings. Plaintiff has also never received any disciplinary actions due to his work performance.

26. Also, two weeks prior to Plaintiff's wrongful termination, Defendant fired Daylin, Jorge, and Soraya; all of Plaintiff's co-workers that also practiced the Yoruba faith for the reasons of practicing such faith.

## COUNT I- DISCRIMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII

27. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 26, as if fully set forth herein.

28. Defendants engaged in and allowed policies and practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his religion. Defendants have engaged in a pattern of continuous discrimination against Plaintiff because he is of the Yoruba faith.

29. Defendants were aware that various activities at its facilities created a hostile work environment for Plaintiff. Plaintiff was singled out for mistreatment in a discriminatory manner because of his religion. Defendants participated in, were aware of, and/or allowed the discrimination. Defendants knew such actions were unlawful but acted in reckless disregard of the law.

30. Defendants' conduct complained of here was willful and in disregard of Plaintiff's protected rights.

31. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

32. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, and was unreasonably subjected to a hostile workplace, based on his religion.

33. The conduct of Defendants, by and through the conduct of its employees, agents, and/or representatives, and the Defendants' endorsement of discriminatory activities, and Defendants' failure to address, mitigate, and/or take remedial actions to prevent such

discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

34. As a result of Defendants' acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

**WHEREFORE**, Plaintiff, YAYDEL NUNEZ, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a) A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b) An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c) An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d) An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e) An award of punitive damages;

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

By:/s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com

**GALLARDO LAW OFFICE, P.A.**
*Attorney for Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088